UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGATER T. ST. MARTIN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A., *et al.,*<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:15-cv-2901-L-BGS<br><br>**ORDER GRANTING MOTION TO REMAND** |

　　　Pending before the Court in this tort and breach of contract action is Plaintiff's motion to remand to State court. Defendants filed an opposition and Plaintiff replied. For the reasons which follow, the motion is granted.

　　　Plaintiff filed an action in State court alleging breach of contract and tort claims under California law against Defendants based in pertinent part on the theory that the satisfaction of her mortgage debt after nonjudicial was not properly reported, which unduly increased her tax liability for the cancelled principal balance. Defendants removed the action to this Court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332, or alternatively federal question jurisdiction under 28 U.S.C. § 1331.

　　　Defendants acknowledge that two of them, Integrated Lender Services, Inc. ("Integrated"), the trustee for the foreclosure sale, and Loretta Echols, Integrated employee, are not diverse, but argues that they were added as sham defendants and

should therefore be disregarded.  Although the complaint does not allege any federal causes of action, Defendants maintain federal question jurisdiction is present "because each and every cause of action is based on a fundamental federal question:  whether they issued erroneous IRS Form 1099-C's."  (Notice of Removal ("Notice") at 7.)  Plaintiff filed a motion to remand arguing lack of complete diversity or federal question.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .."  28 U.S.C. § 1441(a).  This action was removed initially based on diversity of citizenship under 28 U.S.C. § 1332.  Under section 1332(a), original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state from each of the defendants and the amount in controversy exceeds $75,000.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A non-diverse defendant's citizenship may be disregarded, if it is joined as a sham defendant.  A defendant's joinder is a sham when "the plaintiff fails to state a cause of action against that defendant, and the failure is obvious according to the settled rules of the state."  *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987).

Plaintiff alleged a claim for breach of duty against Integrated and Echols.  Plaintiff alleges that the lender obtained the property on a credit bid at the trustee's sale,[1] and later issued her a Form 1099-C reflecting the entire remaining principal balance of the mortgage for $63,399.89 (after correction).  Based on California's antideficiency statutes, Plaintiff claims that the correct amount of the cancelled principal balance is $26,191, because her liability to satisfy the debt was limited to the secured property, and she owed no further debt after the sale.  *See* Cal. Civ. Code § 580b.  She argues the error was enabled by Integrated, because, rather than documenting that the debt had been paid in

---

[1]   A credit bid is treated the same as a cash bid.  *See Alliance Mtg. Co. v. Rothwell*, 10 Ca.4th 1226, 1238 (1995).

1 full, it reported payment with a notation suggesting that satisfaction of the debt may have been only partial.  (*See* Compl. Ex. 2.)

Raising a straw man, Defendants argue that Integrated had no duty to police how the lender internally accounted for satisfaction of the debt.  Instead, Plaintiff's claim is limited to the proposition that Integrated had a duty to accurately report the sale in accordance with the applicable California law, and that it breached the duty when it inaccurately suggested that the debt may have been only partly satisfied.

Under California law, a trustee under a deed of trust is "the agent of all the parties to the escrow at all times prior to performance of the conditions of the escrow and bears a fiduciary relationship to each of them.  His obligation to each is measured by an application of the ordinary principles of agency.  As an agent, the trustee may be liable for negligence." *Kerivan v. Title Ins. and Trust Co.*, 147 Cal. App. 3d 225, 229 (1983) (internal quotation marks and citations omitted).  For example, after a foreclosure sale, the trustee's duty extends to cancel the note to preclude the possibility of a deficiency judgment.  *Id*. at 230-31.

*Kerivan* is analogous to Plaintiff's claim against Integrated and supports the proposition that Integrated had a duty to accurately report the outcome of the sale.  Defendants have offered no authority to meet their burden of showing that "the plaintiff fails to state a cause of action against [Integrated], and [that] the failure is obvious according to the settled rules of the state." *McCabe*, 811 F.2d at 1339.

Based on the foregoing, Integrated is not a sham defendant, and its citizenship must be considered for purposes of diversity jurisdiction.  As Integrated is a Delaware corporation with its principal place of business in California, complete diversity is lacking.[2]  *See* 28 U.S.C. § 1332(c) (citizenship of corporations).

---

[2] The Court therefore need not also consider whether Echols is a sham defendant.  Even if the Court agreed with Defendants that she is, complete diversity would be lacking due to Integrated's California citizenship.

Alternatively, Defendants removed this action based on federal question jurisdiction under 28 U.S.C. § 1331, which confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Although the complaint references IRS Form 1099-C, it does not allege any claims under federal law. "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted).

> The Court has consistently interpreted jurisdictional statutes with an "arising under" qualification ... as "giv[ing] the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). Because federal law does not create any of the asserted causes of action and Defendants have not shown that the right to relief sought by Plaintiff depends on resolution of a substantial question of federal law, their notice of removal lacks sufficient basis.

Defendants have not met their burden as the removing parties to establish removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

1   For the foregoing reasons, Plaintiff's motion to remand is granted.  This action is
2 remanded to the Superior Court of the State of California, County of San Diego - Central
3 Division.
4   **IT IS SO ORDERED.**
5 Dated:  September 30, 2016

_____
Hon. M. James Lorenz
United States District Judge